**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

RICHARD WILLIAMS, an individual, )
)
        Plaintiff, )
)
vs. )   Case No. CIV-10-209-M
)
DEFENDER SERVICES, INC., a )
foreign corporation, )
)
        Defendant. )

**ORDER**

Before the Court is defendant's Motion to Dismiss Plaintiff's Complaint, filed August 2, 2010. On August 23, 2010, plaintiff filed his response. On August 30, 2010, defendant's reply was filed. Based upon the parties' submissions, the Court makes its determination.

I.     INTRODUCTION

In January 2002, Richard Williams ("plaintiff") received a medical discharge from the United States Army for an injury to his right shoulder. In 2007 plaintiff began his employment with Direct Staffing Solutions, Inc. at the Goodyear Tire plant in Lawton, Oklahoma. Plaintiff provided a copy of his civil service preference certificate issued by the United States Department of Veterans Affairs to his employer. Subsequently, Defender Services, Inc., ("defendant") acquired the service contract at the Goodyear Tire plant in Lawton, Oklahoma. Plaintiff was hired by defendant after submitting an application for employment along with a copy of his resume and Civil Service preference letter.

On or about May 31, 2009, plaintiff reported to work and noticed some mechanical problems with his assigned forklift. Plaintiff notified the maintenance office and was informed to

wait for service. Instead of waiting, plaintiff operated the forklift for approximately 5 hours when his right shoulder began aching. Plaintiff then notified his duty supervisor that his shoulder was aching and requested permission to leave work for the remainder of his shift. Plaintiff's duty supervisor directed him to fill out an incident report and speak with the supervisor. After filling out the incident report, plaintiff waited for one and one-half hours and then left without speaking to the supervisor. After leaving plaintiff received a phone call from his supervisor advising him not to return to work because he was fired. On June 3, 2009, plaintiff states he was informed by defendant that he was off suspension, that he had received a demotion and that he could return to work. Plaintiff's previous position as "lead trucker" was filled with a Caucasian employee twenty-eight years of age. On March 3, 2010, plaintiff filed his Complaint alleging the following: (1) violation of Title VII of the Civil Rights Act for discriminatory conduct towards him by defendant on the basis of race; (2) disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments of 2008, and Oklahoma State law; and (3) age discrimination in violation of the Age Discrimination in Employment Act of 1967.

Defendant filed a Motion to Dismiss on August 2, 2010 pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendant contends each of plaintiff's claims should be dismissed for failure to state a claim for relief. Defendant contends plaintiff's complaint is void of factual detail and instead consists of numerous paragraphs of conclusory allegations. First, defendant contends plaintiff has failed to state a claim for discrimination under the ADA as a matter of law, as his complaint fails to allege sufficient facts concerning his alleged disability for the Court to determine that he is a person with a disability within the meaning of the ADA or the Oklahoma Anti-Discrimination Act ("OADA"). Second, defendant contends plaintiff fails to allege any facts sufficient to establish the

elements of a claim for race discrimination under Title VII. Finally, defendant contends plaintiff's conclusory assertion that his age was a determining factor in his termination is insufficient as a matter of law to support his age discrimination claim.

II.     Motion to Dismiss for Failure to State a Claim

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) the United States Supreme Court announced the standard for motions to dismiss, and stated that a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." A court deciding a Rule 12(b)(6) motion "should assume the veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id.* at 1949-51.

   A.     Disability Discrimination

To survive a defendant's motion to dismiss a disability discrimination claim, a plaintiff is required, at a minimum, to factual assert he has a "disability" within the meaning of the ADA. *Rakity v. Dillon Cos., Inc.*, 302 F.3d 1152, 1164 (10th Cir. 2002). Disability is defined by the ADA as follows:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).[1] Here plaintiff makes conclusory allegations of his disability but fails to present any factual allegations describing a physical or mental impairment that substantially limits

---

[1]The OADA similarly defines "handicapped person" as one who is regarded as having an impairment that substantially limits one or more of such person's major life activities. Okla. Stat. tit. 25, § 1301(4)

3

one or more of the major life activities. In his Complaint, plaintiff makes the conclusory allegation that he has a physical impairment that substantially limits one or more of his major life activities, has a record of such impairment, and was regarded by defendant as having such impairment but fails to set forth any facts to support this allegation. Plaintiff merely asserts he received a medical discharge in 2002 and that defendant was aware of his discharge when he was hired in 2007. Plaintiff also asserts defendant harassed and retaliated against him because of his disability.[2]

The United States Supreme Court has explained there are two ways an individual may qualify for protection under the "regarded as disabled" subsection:

> (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.

*Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). Thus, to survive defendant's motion to dismiss, plaintiff must present sufficient factual support for his conclusory allegation that he had or defendant mistakenly believed he had a physical impairment that substantially limits one or more major life activities. The fact that plaintiff received a medical discharge in 2002 for an injury to his shoulder and presented that information to defendant is simply not enough for him to be perceived as disabled. *See McGeshick v. Pincipi*, 357 F.3d 1146, 1151 (10th Cir. 2004). An employer's knowledge of an impairment alone is insufficient to establish the employer regarded the employee as disabled. *Steele v. Thiokol Corp.*, 241 F.3d 1248, 1256 (10th Cir. 2001). Additionally, plaintiff fails to allege a physical or mental impairment that substantially limits one or more of his major life

---

[2]As plaintiff has not responded to defendant's claim that plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim, plaintiff's retaliation claim is dismissed.

activities.

Based on the reasoning above, the Court grants defendant's Motion to Dismiss plaintiff's ADA and OADA claims.

### B. Race Discrimination

In order to establish a race discrimination claim under Title VII, plaintiff has the burden of showing (1) he is a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination. *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).

Defendant contends plaintiff's race discrimination claim should be dismissed for several reasons. First, defendant contends plaintiff fails to allege he was satisfactorily performing his job. Instead, in his Complaint plaintiff admits to disobeying the instructions of maintenance and the direct order of his supervisor. Plaintiff states he was told by the maintenance office to wait for the repair to the forklift but instead operated the forklift for five hours after which his shoulder began aching. Plaintiff also admits his supervisor directed him to fill out an incident report and speak with the manager regarding his injury but he disobeyed his supervisor and left the job without speaking to the manager. Secondly, defendant contends plaintiff fails to identify any similarly situated, non-members of a protected class that were treated more favorably by the defendant. In his Complaint, plaintiff merely states he was replaced with a Caucasian employee approximately twenty-eight years old. In his Complaint plaintiff also states he was told by defendant he was demoted because he left work without speaking with his supervisor.

The Court finds the factual assertions contained in plaintiff's Complaint fail to establish he was satisfactorily performing his position or that race had any bearing on his being fired or demoted.

Specifically, plaintiff admits in his Complaint that he disobeyed the instructions of the maintenance office and that he disobeyed the direct order of his supervisor and left the job prior to talking to the manager. Plaintiff also makes no allegation that he was satisfactorily performing his job or provide any factual bases to substantiate an inference of race discrimination.

For the above reasons, the Court finds plaintiff has failed to submit facts sufficient to support his claim of race discrimination and grants defendant's motion to dismiss plaintiff's race discrimination claim.

C. Age Discrimination

Pursuant to the ADEA, it is unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The United States Supreme Court recently held:

> a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but for" cause of the challenged adverse employer action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Fin. Serv., Inc.*, --- U.S. ---, 129 S. Ct. 2343, 2352 (2009) (internal citation omitted).

To survive defendant's motion to dismiss plaintiff must do more than conclude he has been discriminated against because he is a member of the protected class. In his Complaint plaintiff states he is over the age of 40 and was treated differently by the defendant as to one male under the age of 40. In his Complaint plaintiff asserts defendant replaced him with a younger, white employee but fails to allege he was fired or demoted because of his age. In his Complaint, plaintiff states he

was told by his supervisor he was being demoted because he left work without speaking with his supervisor. Defendant contends plaintiff's disobeying the instruction to wait for repair to the forklift and walking off the job without speaking to the manager were legitimate, non-discriminatory reason for the employment actions taken. As noted above plaintiff admits he disregarded the instructions of maintenance and walked off the job without speaking to his supervisor. Because plaintiff fails to assert his age as the bases for defendant's employment decisions and has admitted to disobeying the instructions of his supervisors, the Court finds plaintiff has failed to submit factual support for his ADEA claim. For the above reasons the Court grants defendant's Motion to Dismiss plaintiff's ADEA claim.

III.    Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion to Dismiss [docket no. 7] and DISMISSES the instant action.

**IT IS SO ORDERED this 7th day of February, 2011.**

*Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE